UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE: )
) Case No.: 11-10258
BANKS HOLDING, L.P. ) Chapter 11
)
)
Debtor(s) )

## MOTION TO APPOINT CHAPTER 11 TRUSTEE
## OR CONVERT TO CHAPTER 7

The United States Bankruptcy Administrator for the Western District of North Carolina ("Bankruptcy Administrator") moves the Court for an Order appointing a Chapter 11 Trustee or converting this case to one under Chapter 7 and says:

1. This is a Chapter 11 proceeding in which a voluntary petition was filed on March 18, 2011.

2. On March 21, 2011, an Operating Order was entered in this case. That Order provided, in part, that the debtor shall provide copies of valid insurance policies to the Bankruptcy Administrator's Office within ten (10) days of the date of the filing.

3. As of the filing of this Motion, the debtor has failed to provide proof of any insurance to the Bankruptcy Administrator's Office. In the event all of the debtor's property is unimproved, the debtor is still required to provide proof of liability insurance.

4. On March 20, 2011, Alexandria P. Kenny ("Kenny"), Staff Attorney for the Bankruptcy Administrator, e-mailed Edward C. Hay, Jr. ("Hay"), the debtor's attorney, requesting information concerning the debtor, its schedules and other documents filed. A copy of this e-mail is attached as Exhibit 1. On April 8, 2011, Hay responded via e-mail, a copy of which is attached as Exhibit 2. Kenny replied to Hay on April 8, 2011 via e-mail, a copy of which is attached as Exhibit 3. The information requested in Exhibit 1 included the following information:

   a. Deeds for the properties listed on Schedule A, and an amendment to Schedule A to include a sufficient description of the properties.

      i. Schedule A, as originally filed failed to adequately describe the property, and the descriptions were as follow:

         1. Fox Creek

  2. Headwaters: Lots 20 and 21

  3. Tract #1 ($6,637,500.00) and Tract #2 (67,500.00)

  4. Banks Creek

  5. North of Old Growth Phase 1

  6. Capital Lincoln-Mercury site

  7. Coutros site

 ii. On March 30, 2011, Hay provided the Bankruptcy Administrator with copies of the deeds for the properties. All deeds list the grantee as Banks Holding Company, L.P., which is not the name of this debtor.

 iii. On April 8, 2011 Schedule A was amended to provide more detailed descriptions of the property; however, the county was not listed for all of the properties.

b. Information on the RBC Brokerage account, including a copy of the most recent statement, an explanation of what funds are held in the account, and evidence of RBC's perfected security interest.

 i. Hay's April 8, 2011 e-mail, Exhibit 2, stated that a copy of the brokerage statements was being forwarded and that the debtor may need to get a copy of the perfected security interest from RBC.

 ii. As of the filing of this motion, neither the brokerage statements nor proof of the perfected security interest have been received by the Bankruptcy Administrator.

c. Information on the accounts receivable and copies of the underlying notes.

 i. Hay's April 8, 2011 e-mail, Exhibit 2, stated that most of the accounts receivable are transfers which are on the books between the several family owned organizations and that if any formal written notes are located, copies would be sent to the Bankruptcy Administrator.

 ii. As of the filing of this motion, no additional information on the accounts receivable has been provided.

d. Information on the debtor and the relationship between the debtor, the codebtors and its partners. Hay's April 8, 2011 e-mail, Exhibit 2, stated he was not sure what the Bankruptcy Administrator was looking for with this item but that the debtor would discuss the relationships at the 341 meeting.

e. Amend the Statement of Financial Affairs ("SOFA") question 5 to identify which property was subject to Macon Bank's foreclosure. SOFA #5 was amended on April 8, 2011 to show Macon Bank's foreclosure was on "Tract 1 and 2 valued at $6,705,000.00."

f. An explanation of the relationship between the debtor and Mountain Air Development Corp. ("Mtn Air") and an explanation as to why it paid Hay's fees on the debtor's behalf.

   i. Hay's April 8, 2011 e-mail, Exhibit 2, stated that Mtn Air is the developer of the Mountain Air Country Club and that the debtor holds an ownership interest in Mtn Air by way of its interests in the Trusts, which was disclosed in the information provided to the Bankruptcy Administrator regarding the partnerships, trusts etc.

   ii. On April 5, 2011, Hay provided the Bankruptcy Administrator with numerous agreement, trusts and other documents ("trust documents"). The cover letter sent with the trust documents, which is dated April 1, 2011, is attached as Exhibit 4. The documents refer to Banks Holding Company, L.P., not the debtor.

   iii. A review of the documents provided with Exhibit 4 did not clearly indicate that the debtor holds an ownership interest in Mtn Air.

      1. Kenny's April 8, 2011, Exhibit 3, requested that she be directed to where in the trust documents information on the debtor's ownership interest in Mtn Air is located.

      2. As of the filing of this motion, no further information has been provided concerning the debtor's ownership in Mtn Air.

   iv. Additionally, as of the filing of this motion, no explanation has been provided concerning why Mtn Air paid Hay's attorney fees on behalf of the debtor.

g. The beneficiaries of Banks Family Trust Two and copies of the trust documents. This information was provided with the trust documents, Exhibit 4.

    h. Information on Banks, Banks and Watson and its relationship to the debtor. This information was provided in Hay's April 8, 2011 e-mail, Exhibit 2.

    i. Information on Banks Family IDIT #2 and its relationship to the debtor.

        i. Hay's April 8, 2011 e-mail, Exhibit 2, stated it was included with the trust documents.

        ii. Kenny's April 8, 2011, e-mail, Exhibit 3, asked that she be directed to where she can find information related to Banks Family IDIT #2 in the trust documents.

    j. Documentation concerning the debtor's partnership. This information was included with the trust documents.

5. On April 10, 2011, Kenny e-mailed Hay, a copy of which is attached as Exhibit 5, requesting the following:

    a. Amend schedule A to list the county for all properties.

    b. Provide information on the debtor's relationship with Buzzard Rock, LLC.

    c. Provide information on whether any consideration resulted from conveyance number four from the list of conveyances made between Marcy 15, 2009 and March 15, 2011 included with the petition as it was originally filed and with the amendments filed, which were attachments to question 10 of SOFA.

    d. Amend the List of Equity Security Holders to add Banks Family Trust Two.

    e. Amend the petition to correctly reflect the debtor's name.

        i. The petition was filed in the name of Banks Holding, L.P.

        ii. According to the North Carolina Department of the Secretary of State ("Secretary of State"), there is no limited partnership registered with the name of "Banks Holding, L.P." There is a registered corporation with the name of "Banks Holding Company, L.P."

        iii. A copy of the search results for Banks Holding, L.P. is attached as Exhibit 6.

      iv. It is questionable whether the debtor is a legal entity entitled to relief, as the petition is filed in the name of a partnership that does not exist according to the Secretary of State.

f. Provide proof of insurance immediately.

g. As of the filing of this motion, no response to the e-mail and none of the information and amendments requested have been received or filed.

Wherefore, the undersigned moves the Court to appoint a Chapter 11 Trustee or convert this case and for such other and further relief as the Court deems just and proper.

Dated: April 14, 2011.

/s/ Linda W. Simpson
Linda W. Simpson
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669
N.C. Bar #12596
Telephone: (704) 350-7587  Fax: (704) 344-6666
Email: Linda_Simpson@ncwba.uscourts.gov

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE: )
) Case No.: 11-10258
BANKS HOLDING, L.P. ) Chapter 11
)
)
Debtor(s) )

## CERTIFICATE OF SERVICE

The undersigned certifies that the pleading(s) or paper(s) to which this Certificate is affixed was served upon the party(s) to this action listed below by depositing a copy of the same, enclosed in a first-class postpaid, properly addressed wrapper, in a Post Office or official depository under the exclusive care and custody of the United States Postal Service and/or by means of the Electronic Filing System of the Bankruptcy Court on April 14, 2011.

Banks Holding, L.P.
P.O. Box 1037
Burnsville, NC 28714

Edward C, Hay, Jr.
Pitts, Hay & Hugenschmidt, P.A.
137 Biltmore Avenue
Asheville, NC 28801

/s/ Linda W. Simpson
Linda W. Simpson
United States Bankruptcy Administrator
402 W. Trade Street, Suite 200
Charlotte, NC 28202-1669
N.C. Bar #12596
Telephone: (704) 350-7587   Fax: (704) 344-6666
Email: Linda_Simpson@ncwba.uscourts.gov

# EXHIBIT 1



**Banks Holding, L.P., case 11-10258**

Alexandria A Kenny     to: ehay                              03/20/2011 05:35 PM
Cc: Linda Simpson

---

Edward,

I have reviewed the above case that you filed on Friday, March 18. Please provide the following:

-Deeds for the properties listed on Schedule A. Also, please amend Schedule A to include a sufficient description of the properties.

-Information on the RBC Brokerage Account, i.e., a copy of the most recent statement and an explanation what funds are held in the account. Also, please provide evidence of RBC's perfected security interest..

-Information on the accounts receivable and copies of the underlying notes.

-Information on the debtor and the relationship between the debtor, the codebtors and its partners.

-Amend SOFA #5 to identify which property was subject to Macon Bank's foreclosure.

-An explanation of the relationship between the debtor and Mountain Air Development Corp. and an explanation as to why it paid your fees on behalf of the debtor.

-Who are the beneficiaries of Banks Family Trust Two? Please provide copies of the trust documents.

-What is Banks, Banks and Watson partnership and what is its relationship to the debtor?

-What is Banks Family IDIT #2 and what is its relationship to the debtor?

-Documentation related to the debtor's partnership.

Thank you.

Alex



*Alexandria P. Kenny*
Staff Attorney
U. S. Bankruptcy Administrator's Office
Western District of North Carolina
402 West Trade Street, Suite 200
Charlotte, NC 28202
Phone: 704-350-7585
Fax: 704-344-6666
E-mail: alexandria_a_kenny@ncwba.uscourts.gov

EXHIBIT 2

Banks Holding Company - e-mail from Edward Hay
Sandee Carpenter
to:
alexandria_a_kenny
04/08/2011 05:07 PM
Cc:
"Edward Hay", rbanks, linda_simpson
Show Details


History: This message has been replied to.
In response to your e-mail of March 20, 2011:

Dear Alex:

    I have now had an opportunity to meet with my client, my client's accountants, and my client's lawyers, in an effort to respond to your e-mail of March 20. Making reference to the ten items listed in that e-mail, we respond as follows:

1. We have previously provided to you copies of the Deeds to the property.

2. A copy of the RBC Brokerage Account Statements are being forwarded to you. We may need to get a copy of RBC's perfected security interest from RBC.

3. Most of the accounts receivable are transfers which are on the books between the several family owned organizations. If we can locate any formal, written notes, we will send you copies.

4. I am now quite sure what you are looking for with this item. I have told my clients to be ready to discuss the relationship between the parties at the 341 Meeting.

5. We will amend Statement of Financial Affairs No. 5 to show that the property which was subject to the Macon Bank's foreclosure was Tracts 1 and 2.

6. Mountain Air Development Corporation is the developer of the Mountain Air Country Club. Banks Holding, LLP holds an ownership interest in the Mountain Air Development Corporation by way of its interest in the Trusts. All of this is disclosed in the several inches of information that we forwarded to you earlier regarding partnerships, trusts, etc.

7. The information requested is in the package of material I delivered to you regarding the partnership and trusts.

8. Banks Holding LP owns a two-thirds interest in Banks, Banks and Watson Partnership, which owns real estate. The other partners are Randy Banks and Sheree Banks.

9. I think this information you want is in the package of materials previously provided.

10. See above.


    Thank you for your patience. As you can see, it has taken the efforts of several different law offices and accounting offices to get this information together for you. In addition, Randy Banks, who is my primary contact with the debtor has been either out-of-town or involved in an unrelated court action, and has simply not been available to assist me. Mr. Banks is now available, and is looking forward to meeting you at our site visit.

Edward C. Hay, Jr.

# EXHIBIT 3

 **Re: Banks Holding Company - e-mail from Edward Hay**

**Alexandria A Kenny**    to: Sandee Carpenter    04/08/2011 05:48 PM
Cc: "Edward Hay", linda_simpson, rbanks

Edward,

Thank you for your response. I have reviewed the materials you gave to me on Tuesday. Please see my comments in green below.

I appreciate the efforts of the law firms and accounting offices, but the information that was requested was both reasonable and necessary in light of the sometimes brief and/or incomplete information contained in the petition, schedules and statements. Because bankruptcy is a transparent proceeding which requires this sort of disclosure, it will ultimately assist the debtor in the preparation of a disclosure statement.

My office will contact you about scheduling the site visit.

Alex



*Alexandria P. Kenny*
Staff Attorney
U. S. Bankruptcy Administrator's Office
Western District of North Carolina
402 West Trade Street, Suite 200
Charlotte, NC 28202
Phone: 704-350-7585
Fax: 704-344-6666
E-mail: alexandria_a_kenny@ncwba.uscourts.gov

---

"Sandee Carpenter"    In response to your e-mail of...    04/08/2011 05:07:08 PM

From:    "Sandee Carpenter" <scarpenter@phhlawfirm.com>
To:      <alexandria_a_kenny@ncwba.uscourts.gov>
Cc:      "Edward Hay" <ehay@phhlawfirm.com>, <rbanks@mountainaircc.com>,
         <linda_simpson@ncwba.uscourts.gov>
Date:    04/08/2011 05:07 PM

Subject:    Banks Holding Company - e-mail from Edward Hay

In response to your e-mail of March 20, 2011:

Dear Alex:

I have now had an opportunity to meet with my client, my client's accountants, and my client's lawyers, in an effort to respond to your e-mail of March 20. Making reference to the ten items listed in that e-mail, we respond as follows:

1. We have previously provided to you copies of the Deeds to the property. We received the deeds. I see you recently filed amendments, but I have not had a chance to review them, as I have to leave in a few minutes for a prior commitment. I will review them over the weekend.

2. A copy of the RBC Brokerage Account Statements are being forwarded to you. We may need to get a copy of RBC's perfected security interest from RBC. We will await receipt of the statements and a proof of RBC's security interest.

3. Most of the accounts receivable are transfers which are on the books between the several family owned organizations. If we can locate any formal, written notes, we will send you copies. Please send copies of any notes you can locate. If you cannot locate them, please have the debtor provide the dates when the accounts receivables accrued and the corresponding amounts.

4. I am now quite sure what you are looking for with this item. I have told my clients to be ready to discuss the relationship between the parties at the 341 Meeting. I was asking who the co-debtors were and their relationship to the debtor, i.e., partners, etc. I will be prepared to ask about them at the 341 Meeting.

5. We will amend Statement of Financial Affairs No. 5 to show that the property which was subject to the Macon Bank's foreclosure was Tracts 1 and 2. I will review the amendments you filed.

6. Mountain Air Development Corporation is the developer of the Mountain Air Country Club. Banks Holding, LLP holds an ownership interest in the Mountain Air Development Corporation by way of its interest in the Trusts. All of this is disclosed in the several inches of information that we forwarded to you earlier regarding partnerships, trusts, etc. In my review of the documents you provided, I ascertained that Mountain Air Development Corporation has notes payable to the debtor. It appears as if Randy Banks and Sheree Watson have ownership interest in Mountain Air Development Corporation through their trusts, but I do not recall seeing that the debtor has an ownership interest in it, too. Please direct me to where in the documents it shows that the trusts owned by the debtor have an ownership interest in Mountain Air Development. Additionally, I have not received an answer as to why Mountain Air Development Corporation paid your fees on behalf of the debtor.

7. The information requested is in the package of material I delivered to you regarding the partnership and trusts. This was with the materials you provided.

8. Banks Holding LP owns a two-thirds interest in Banks, Banks and Watson Partnership, which owns real estate. The other partners are Randy Banks and Sheree Banks. Okay.

9. I think this information you want is in the package of materials previously provided. Again, please direct me to where I can find this information in the materials you

delivered to me.  I saw there have been two trusts, Banks Family Irrevocable Trust One and Banks Family Irrevocable Trust Two.  Does Banks Family IDIT #2 refer to one of these trusts and if so, why is it listed as Banks Family Trust Two in some places and Banks Family IDIT #2 in others in the documents filed with the petition.

10. See above.  This was with the materials you provided.

Thank you for your patience.  As you can see, it has taken the efforts of several different law offices and accounting offices to get this information together for you.  In addition, Randy Banks, who is my primary contact with the debtor has been either out-of-town or involved in an unrelated court action, and has simply not been available to assist me.  Mr. Banks is now available, and is looking forward to meeting you at our site visit.

Edward C. Hay, Jr.



EXHIBIT 4

Junius G. Adams, Jr. (1908-1991)

George Ward Hendon
Philip G. Carson
Samuel Jerome Crow
George W. Saenger
Susan Taylor Rash
Gregory S. Hilderbran
E. Thomison Holman
Joy G. McIver
Daniel E. Hitchcock
Matthew S. Roberson

hilderbran@adamsfirm.com

April 1, 2011

Edward C. Hay, Jr., Esquire
Pitts, Hay & Hugenschmidt, P.A.
137 Biltmore Avenue
Asheville, NC  28801

**RE:   Banks Holding Company, L.P. (the "Partnership")**

Dear Edward:

    I am enclosing for you copies of the following documents relating to the organization of the Partnership and ownership of its general and limited partner units:

1. *Certificate of Domestic Limited Partnership of Banks Holding Company, L.P.*;

2. *Limited Partnership Agreement of Banks Holding Company, L.P.*;

3. *Equalization Agreement*;

4. *The Banks Family Irrevocable Trust Number 1*;

5. *Assignment of Personal Property to Trust (by William A. Banks)*;

6. *Agreement as to Purchase and Sale of Assets (by William A. Banks)*;

7. *The Banks Family Irrevocable Trust Number 2*;

8. *Assignment of Personal Property to Trust (by Virginia A. Banks)*;

9. *Agreement as to Purchase and Sale of Assets (by Virginia A. Banks)*;

10. *Transfer and Assignment of Partnership Units (2003 Annual Exclusion Gifts)*;

11. *Agreement as to Purchase and Sale of General Partner Units*;

12. *Amendment to Certificate of Domestic Limited Partnership of Banks Holding Company, L.P.*;

Edward C. Hay, Jr., Esquire
April 1, 2011
Page 2 of 2

13. *Transfer and Assignment of Partnership Units (2004 Annual Exclusion Gifts)*;

14. *Transfer and Assignment of Partnership Units (2005 Annual Exclusion Gifts)*; and

15. *Agreement for the Termination of Trusts.*

Please let me know if you should have any questions or concerns.

Very truly yours,

Gregory S. Hilderbran

GSH/mak
Enclosures

EXHIBIT 5



**Banks Holding, L.P.**

Alexandria A Kenny    to: ehay                         04/10/2011 10:26 PM
Cc: Linda Simpson

Edward,

I have reviewed the amendments to the schedules you filed on Friday. While the property descriptions on Schedule A provide more detail, the county in which the properties are located is not listed for all of the properties. Please amend it to include the county for each property. The amendments also include a list of conveyances made between March 15, 2009 and March 15, 2011, but there appear to be no changes from what was originally filed. If there are any changes, please let me know what they are.

Also, please note the following:

Please provide information on the debtor's relationship with Buzzard Rock, LLC.

Conveyance number four has a note "to check with Randy for any consideration." Has this been done? If so, please provide information on what consideration, if any, resulted from this conveyance.

Banks Family Trust Two is not listed on the list of equity security holders even though its ownership interest in the debtor exceeds 46%. Please amend to add it.

The debtor's name is wrong on the petition. According to the North Carolina Secretary of State, the debtor's name is Banks Holding Company, L.P., not Banks Holding, L.P. Please amend the petition to reflect the debtor's correct name.

We still have not received any insurance information for this debtor. According the operating order, proof of insurance is required within 10 days of the filing of the petition. The petition was filed March 18, so insurance should have been provided to my office by March 28, 2011. If the land is only raw land with no improvements, we still need proof of liability insurance. Please provide proof of insurance immediately.

Thank you.

Alex



*Alexandria P. Kenny*
Staff Attorney
U. S. Bankruptcy Administrator's Office
Western District of North Carolina
402 West Trade Street, Suite 200
Charlotte, NC 28202
Phone: 704-350-7585
Fax: 704-344-6666
E-mail: alexandria_a_kenny@ncwba.uscourts.gov

# EXHIBIT 6



**Elaine F. Marshall**
*Secretary*

North Carolina
DEPARTMENT OF THE
SECRETARY OF STATE
PO Box 29622 Raleigh, NC 27626-0622 (919)807-2000

SearchType: Starting With          Search Criteria: Banks Holding. L.P.     4/14/2011 2:02:49 PM
Clickon the entity name below to view the business profile

|    | Entity Name                 | Type | Status         | Formed     | Online Annual Reports |
|----|-----------------------------|------|----------------|------------|-----------------------|
| NC | Banks Holding Company, L.P. | LP   | Current-Active | 12/18/2002 | N/A                   |

1 Records Returned. Search Again

This website is provided to the public as a part of the Secretary of State Knowledge Base (SOSKB) system. Version: 3230